**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Iconic Leaf Cigars, LLC., )<br>A Delaware Limited )<br>Liability  Corporation, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>VINTAGE CIGAR DISTRIBUTORS )<br>OF NEW ENGLAND, INC., )<br>A New Hampshire )<br>Corporation, )<br>and )<br>KURT A. KENDALL, )<br>An Individual, )<br> )<br> Defendants. )<br>_____) | CASE NO.:  _____ |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**
**&**
**UNFAIR COMPETITION**

Plaintiff Iconic Leaf Cigars, LLC., ("Iconic Leaf") brings this action against Defendant Vintage Cigar Distributors of New England, Inc. and Kurt A. Kendall (collectively "Defendants") seeking injunctive relief and damages for Defendants' willful infringement in violation of Section 43(a) of the Lanham Act and the Common Law.

**PARTIES AND JURISDICTION**

1. Iconic Leaf is a Delaware Limited Liability corporation with its principal place of business located at 3705 N.W. 115th Avenue, Bay 5, Doral, Florida 33178.

2. Upon information and belief, Kurt A. Kendall is an individual residing at 6 Manchester Street, Nashua, New Hampshire 03064.

1

3. Upon information and belief, Vintage Cigar Distributors of New England, Inc. is located and doing business at 128 Rockingham Road, Londonderry, New Hampshire, 03053.

4. Defendants are conducting business within this jurisdiction and are subject to the jurisdiction of this Court.

5. Jurisdiction is proper in this Court based upon 28 U.S.C. Sections 1331, 1338(a), 1338(b) and this Court's supplemental jurisdiction.

6. Venue is proper in this Court based on 28 U.S.C. Section 1391.

## FACTUAL BACKGROUND
### Iconic Leaf's Business and Trademark Rights

7. Iconic Leaf is a manufacturer of high quality cigars that are distributed throughout the United States.

8. Over the past couple of years, Iconic Leaf created a cigar line that emphasized a spider trade dress. Namely, Iconic Leaf launched a cigar brand known as "RECLUSE" in 2012 (the "RECLUSE mark"). To protect that brand, Iconic Leaf filed and obtained Federal Trademark Registration, No. 4,280,753 (the "'753 Registration"). This Registration is alive and subsisting since January 22, 2013 with a first use date in commerce at least as early as July 7, 2012. A true and accurate copy of the Federal Registration is attached hereto as Exhibit A.

9. Iconic Leaf identifies its RECLUSE cigar products with

2

distinct product packaging bearing the image of a spider, spider webs, and related spider designs. In order to protect those designs, Iconic Leaf filed and obtained Federal Trademark Registration No. 4,314,523 (the "'523 Registration") for the design of a spider (see below). A true and accurate copy of the Federal Registration is attached hereto as Exhibit B.



10.    Both, the '753 and the '523 trademarks, are inherently distinctive, alive and subsisting, and Iconic Leaf enjoys priority of use in the trademarks.

11.    Both of the trademarks have been used in connection with Iconic Leaf's product packaging. A representative sampling of same is seen below:



## **DEFENDANTS' INFRINGING ACTIVITY**

12. Defendants are engaged in the sale and distribution of cigars known as 7-20-4. Recently, Iconic Leaf learned that Defendants' intended to launch a cigar known as "SPIDER".  Upon learning same, Iconic Leaf immediately contacted Defendants informing them of Iconic Leaf's rights in RECLUSE and the spider design in connection with cigars. The intended launch was announced well after Iconic Leaf's first use date of its '753 and '523 trademarks for RECLUSE and the design of a spider.

13. Defendants' recently released the image and product packaging shown below in connection with the promotion and intended sale of their SPIDER cigar:





14. The above-image of the cigar box bearing the SPIDER mark and design of spider web was filed as a "specimen of use" by Defendants in connection with their trademark application for "K.A. KENDALL'S SPIDER". That application, Serial No. 85/790,213.

15. Defendants' SPIDER mark is a legal equivalent of Iconic Leaf's RECLUSE marks.

16. Defendants' SPIDER mark is a legal equivalent of Iconic Leaf's '523 Registration.

17. Defendants' use of a spider design is a direct infringement of Iconic Leaf's Federal Registration No. '523 Registration for the design of a spider in violation of 15 U.S.C. Sections 1117 and 1125.

18. Defendants did not have sufficient use in commerce, if any, of its infringing mark SPIDER or spider design trademarks until after Iconic Leaf's first use of its marks in commerce.

19. Therefore, Defendants use of the SPIDER trademark and spider design trademarks is junior to Iconic Leaf's superior rights in '753 and '523 marks.

20. Defendants' use of the infringing SPIDER trademark and

5

spider-design trademark in connection with goods offered in United States commerce is an infringement of Iconic Leaf's rights in violation of 15 U.S.C. Sections 1117 and 1125.

21. Upon information and belief, Defendants' infringement was either willful or with reckless disregard of Iconic Leaf's rights. This allegation is based mainly in part because Defendants continued with their infringing SPIDER and spider-design branded products in light of the cease and desist letters sent to them informing them of Iconic Leaf's rights.

22. Defendants' infringing activities have caused and will continue to cause harm to Iconic Leaf's sales, its good will, and the reputation of Iconic Leaf's products.

23. Defendants' infringing activities is causing and will continue to cause a barrier to Iconic Leaf's ability to maintain the high-quality reputation for its products.

24. Upon information and belief, Defendants' products bearing the infringing Trademark are of substantially lesser quality than Iconic Leaf's products. Even if such products are of similarity of quality, as the owner of superior rights in the marks, Iconic Leaf can not control such quality.

25. Iconic Leaf has never licensed nor otherwise authorized Defendants to produce the SPIDER and spider-design trademark products, or any derivatives thereof.

26. Iconic Leaf has never licensed nor otherwise authorized

6

Defendant to use the distinctive trademark "RECLUSE" or the spider-design trademarks, in connection with any goods or services.

27. Iconic Leaf's remedies at law are not adequate to fully compensate for the injury caused and continuously being caused by Defendants' acts of infringement. Injunctive relief is therefore necessary to prevent continuing and escalating damage and injury to Iconic Leaf.

**FIRST CLAIM FOR RELIEF**
**Common Law Trademark Infringement**

28. Iconic Leaf realleges and incorporates the foregoing allegations contained in paragraphs 1-26 as if fully stated herein.

29. Iconic Leaf owns common law trademark rights in the mark "RECLUSE", the spider-design trademark, and accompanying spider trade dress as used in connection with high quality cigars.

30. Iconic Leaf's trademark rights in the mark "RECLUSE", the spider-design trademark, and accompanying spider trade dress dates back to early 2012.

31. Iconic Leaf's "RECLUSE" trademark, spider-design trademark, and accompanying trade dress are inherently distinctive.

32. Iconic Leaf's rights in the marks are superior to Defendants' use of the infringing Trademarks.

33. Defendants' use of the infringing Trademark "SPIDER" and spider-design is confusingly similar to Iconic Leaf's mark "RECLUSE", spider-design trademark, and accompanying spider trade dress when the

7

following factors are weighed: (a) Iconic Leaf's trademarks are distinctive; (b) the marks are identical or legal equivalents; (c) the goods are identical; (d) the parties' customers are identical; (e) the parties use similar means of advertising; and (f) actual confusion will be shown in discovery.

34. Unless enjoined, Defendants' continued infringement of Iconic Leaf's spider marks and accompanying trade dress will cause irreparable injury to Iconic Leaf.  Iconic Leaf has no adequate remedy at law.

35. Iconic Leaf has been harmed by Defendants' conduct as alleged above in an amount not yet known.

**SECOND CLAIM FOR RELIEF**

**Federal Trademark Infringement of '753 Mark**

36. Iconic Leaf realleges and incorporates the foregoing allegations contained in paragraphs 1-26 as if fully stated herein.

37. Iconic Leaf owns common law trademark rights in the mark "RECLUSE", (the '753 mark) as used in connection with high quality cigars.

38. Iconic Leaf's trademark rights in the mark '753 mark dates back to early 2012.

39. Iconic Leaf's '753 mark is inherently distinctive.

40. Iconic Leaf's rights in the '753 mark is superior to Defendants' use of the infringing Trademarks.

41. Defendants' use of the infringing Trademark "SPIDER" and

spider-design is confusingly similar to Iconic Leaf's '753 mark when the following factors are weighed: (a) Iconic Leaf's '753 mark is distinctive; (b) the marks are identical or legal equivalents; (c) the goods are identical; (d) the parties' customers are identical; (e) the parties use similar means of advertising; and (f) actual confusion will be shown in discovery.

42. Unless enjoined, Defendants' continued infringement of Iconic Leaf's '753 mark will cause irreparable injury to Iconic Leaf. Iconic Leaf has no adequate remedy at law.

43. Iconic Leaf has been harmed by Defendants' conduct as alleged above in an amount not yet known.

### THIRD CLAIM FOR RELIEF

### Federal Trademark Infringement of '523 Mark

44. Iconic Leaf realleges and incorporates the foregoing allegations contained in paragraphs 1-26 as if fully stated herein.

45. Iconic Leaf owns common law trademark rights in the mark spider-design trademark (the '523 mark) as used in connection with high quality cigars.

46. Iconic Leaf's trademark rights in the mark '523 mark dates back to early 2012.

47. Iconic Leaf's '523 mark is inherently distinctive.

48. Iconic Leaf's rights in the '523 mark is superior to Defendants' use of the infringing Trademarks.

Defendants' use of the infringing Trademark "SPIDER" and spider-

9

design is confusingly similar to Iconic Leaf's '523 mark when the following factors are weighed: (a) Iconic Leaf's '523 mark is distinctive; (b) the marks are identical or legal equivalents; (c) the goods are identical; (d) the parties' customers are identical; (e) the parties use similar means of advertising; and (f) actual confusion will be shown in discovery.

49. Unless enjoined, Defendants' continued infringement of Iconic Leaf's '523 mark will cause irreparable injury to Iconic Leaf. Iconic Leaf has no adequate remedy at law.

50. Iconic Leaf has been harmed by Defendants' conduct as alleged above in an amount not yet known.

WHEREFORE, for the foregoing reasons, Iconic Leaf prays that:

(a) Defendants, its officers, agents, representatives, employees, attorneys, and those persons acting in concert or in participation with Defendants be preliminarily and permanently enjoined from: infringing Iconic Leaf's distinctive trademarks; namely, directly or indirectly selling, distributing, or offering for sale any products bearing the SPIDER trademark, or any spider-design trademarks which are confusingly similar to Iconic Leaf's trademarks;

(b) That Defendants be ordered to pay Iconic Leaf all damages suffered as a result of its infringing activities;

(c) That Defendants be ordered to disgorge all profits and other gains obtained as a result of its wrongful acts of infringement as described herein;

10

(d)     That Defendants be ordered to pay to Iconic Leaf all exemplary damages as provided by law;

(e)     That Defendants be ordered to pay Iconic Leaf its costs, including reasonable attorneys' fees; and

(f)     That the Court grant such other and further relief as may be just and proper.

### JURY DEMAND

Iconic Leaf hereby demands trial by jury of all issues so triable.

_17_ day of September, 2013

> s/FRANK HERRERA
> Frank Herrera
> Florida Bar No. 494801
> H NEW MEDIA
> 55 S.E. 2nd Avenue
> Suite 408
> Delray Beach, Florida 33444
> T.(561) 900-2486
> F.(480) 247-5698
> fherrera@hnewmedia.com
> www.hnewmedia.com

11